UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISHAN ISHWAR,<br><br>                              Petitioner,<br><br>v.<br><br>JEREMY CASEY, Warden of the Imperial Regional Detention Center; TODD LYONS, Acting Director of Immigration and Customs Enforcement; KRISTI NOEM, Secretary of the U.S. Department of Homeland Security; PAMELA BONDI, Attorney General of the United States,<br><br>                              Respondents. | Case No.: 26-cv-950-JES-VET<br><br>**ORDER:**<br><br>**(1) GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241; and**<br><br>**(2) DENYING AS MOOT MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>**[ECF Nos. 1, 2]** |

Before the Court is Petitioner Krishan Ishwar's ("Petitioner") Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Petitioner also concurrently filed a motion for temporary restraining order ("TRO"). ECF No. 2. Pursuant to the Court's order to show cause, Respondents filed a return to the petition and Petitioner filed a traverse. ECF Nos. 4, 5. Upon review of the briefing, the Court issued an order for supplemental briefing. ECF No. 7. Petitioner and Respondents both filed supplemental briefs. ECF Nos. 8, 9. For the reasons set forth below, the Court **GRANTS** the petition.

1

## I.    BACKGROUND

Petitioner, a native of India, originally entered the United States on October 12, 2023. ECF No. 1 ¶ 15. At that time, he was served with a Notice to Appear and placed into removal proceedings. *Id.* ¶ 16; ECF No. 1-3. After a brief detainment, Petitioner was released on his own recognizance. *Id.* 1 ¶ 5; ECF No. 1-4. He was placed into the Alternatives to Detention ("ATD") program and required to attend regular check-ins with Immigration and Customs Enforcement ("ICE"). *Id.* ¶ 16. For the next two years, Petitioner alleges that he always complied with the conditions of his release. *Id.* ¶ 17.

Petitioner was re-detained on February 5, 2026, while he was driving. *Id.* ¶ 19. He alleges that he did not commit a traffic violation at the time he was detained again and he was not informed of the reasons for the re-detention. *Id.* ¶ 20. His removal proceedings remain ongoing at this time. *Id.* ¶ 4.

## II.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, challenges to immigration-related detention are within the purview of a district court's habeas jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

## III.    DISCUSSION

In his petition, Petitioner brings several claims for violation of the Fifth Amendment right to Due Process (both substantive and procedural), violation of the Immigration and

Nationality Act, and unlawful seizure in violation of the Fourth Amendment. ECF No. 1 ¶¶ 22-68. In the return, Respondents argues that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b) rather than discretionary detention under 8 U.S.C. § 1226, but acknowledge that many courts in this district have held that noncitizens in factually similar situations as Petitioner are subject to § 1226, not § 1225. *See* ECF No. 5 at 2-3.. Respondents did not address any further claims.

The Court requested supplemental briefing on the other claims, particularly the due process claims. ECF No. 7. Respondents filed a supplemental brief, acknowledging that Petitioner had been previously released on his own recognizance and that the Court has found in several previous orders that petitioners released on their own recognizance possess procedural due process rights that cannot be revoked without proper procedures. *See* ECF No. 8 (citing *Jatinder Singh v. Casey, et al.*, No. 26cv1061-JES(DEB), ECF 6 (S.D. Cal. Feb. 27, 2026); *Wei Qiu v. LaRose, et al.*, No. 26cv1033-JES(MSB), ECF 6 (S.D. Cal. Feb. 25, 2026)). Respondents state that they had no further arguments to present on this claim. *Id.* For the same reasons that will be outlined below, the Court finds Petitioner factually identical to those petitioners and apply the same reasoning and conclusion here as in those cases.

**A.    Bond Hearing**

As a threshold issue, the Court will first address whether a bond hearing or release is the appropriate remedy. Indeed, in several cases within this district where the petitioner raised a due process violation regarding re-detention after having been released on parole, the courts have rejected the same argument made by Respondents that the petitioner is only entitled to a bond hearing based on *Maldonado Bautista*. *See Naveen v. LaRose*, No. 25-CV-3689 JLS (AHG), 2025 WL 3771900, at *2 (S.D. Cal. Dec. 30, 2025) (rejecting Respondents' argument that petitioner is a class member under *Maldonado Bautista* and therefore only entitled to a bond hearing, rendering his other constitutional arguments moot); *Lozada v. Larose et al.*, No. 25CV3614-LL-KSC, 2026 WL 184205, at *2 (S.D. Cal. Jan. 23, 2026) (rejecting same argument and releasing petitioner on due process

violation); *Garcia v. Noem et al.*, No. 25CV3759-LL-BLM, 2026 WL 194745 (S.D. Cal. Jan. 26, 2026) (same); *Xie v. LaRose*, No. 3:25-CV-03649-RBM-MSB, 2026 WL 92066, at *2 (S.D. Cal. Jan. 13, 2026) (same). Thus, despite Respondents' concession regarding a bond hearing, the Court finds it appropriate to address the constitutional violations raised in the petition.

### B.    Due Process

"The Due Process Clause of the Fifth Amendment prohibits the Government from depriving individuals of their life, liberty, or property, without due process of law." *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). "[T]he Due Process Clause applies to all persons within the United States, including aliens, whether their presence is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 679. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Id.* at 690. A person at risk of suffering a serious loss being given notice and an opportunity to be heard, in a meaningful manner and at a meaningful time, is the essence of procedural due process. *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

Courts have identified various ways that a petitioner may be granted some form of parole. The choice is "discretionary and is made on a case-by-case basis." *J.S.H.M v. Wofford*, No. 1:25-CV-01309 JLT SKO, 2025 WL 2938808, at *6 (E.D. Cal. Oct. 16, 2025). Parole can be made for humanitarian reasons or for it providing a significant public benefit under 8 U.S.C. § 1182(d)(5)(A), or it can be for conditional parole under 8 U.S.C. § 1226(a). *Id.* Courts have recognized that typically, the term "released on their own recognizance" or "OREC" refers to conditional parole. *Id.*; *see also Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115 (9th Cir. 2007) ("It is apparent that the INS used the phrase 'released on recognizance' as another name for 'conditional parole' under § 1226(a)"); *Castellon*, 2025 WL 2373425, at *4; *Faizyan v. Casey*, No. 3:25-CV-0884-RBM-JLB, 2025 WL 3208844, at *1 n.2 (S.D. Cal. Nov. 17, 2025).

While courts have recognized these as distinct procedures, they have consistently applied the same procedural due process analysis to petitioners under these forms of parole. In the context of 8 U.S.C. § 1182(d)(5)(A), courts have held that such parole status entitles the petitioner to certain due process rights under both procedural due process and the Administrative Procedure Act ("APA"). *See Y-Z-L-H v. Bostock*, 792 F. Supp. 3d 1123, 1146 (D. Or. 2025) (finding violation under APA); *Mata Velasquez v. Kurzdorfer*, 794 F. Supp. 3d 128, 154 (W.D.N.Y. 2025) (finding violation under procedural due process). Similarly, for conditional release under § 1226(a), the court in *Pinchi* explained similar procedural due process rights:

> [Petitioner's] release from ICE custody after her initial apprehension reflected a determination by the government that she was neither a flight risk nor a danger to the community, and [Petitioner] has a strong interest in remaining at liberty unless she no longer meets those criteria. The regulations authorizing ICE to release a noncitizen from custody require that the noncitizen "demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons" and that the noncitizen is "likely to appear for any future proceeding." 8 C.F.R. § 1236.1(c)(8). "Release [therefore] reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk." *Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1176 (N.D. Cal. 2017), *aff'd sub nom. Saravia for A.H. v. Sessions*, 905 F.3d 1137 (9th Cir. 2018). [Petitioner] was apprehended by ICE officers when she crossed the border into the United States . . . ICE then released her on her own recognizance. As ICE was not authorized to release [Petitioner] if she was a danger to the community or a flight risk, the Court must infer from [the] release that ICE determined she was neither. [Petitioner's] release from ICE custody constituted an "implied promise" that her liberty would not be revoked unless she "failed to live up to the conditions of her release." *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972). The regulatory framework makes clear that those conditions were that she remain neither a danger to the community nor a flight risk. . . . Accordingly, [Petitioner's] private interest in retaining her liberty is significant.

*Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1034-35 (N.D. Cal. 2025). Several district courts have followed suit and found due process violations where the petitioners in the cases were specifically identified to be released under Order of Release on Recognizance with an

accompanying I-220 form. *See C.A.R.V. v. Wofford*, No. 1:25-CV-01395 JLT SKO, 2025 WL 3059549, at *9 (E.D. Cal. Nov. 3, 2025) (finding due process violation where petitioner was originally released on OREC); *Leiva Flores v. Albarran*, No. 25-CV-09302-AMO, 2025 WL 3228306, at *5 (N.D. Cal. Nov. 19, 2025) (similarly finding procedural due process violation for petitioner released on OREC and requiring hearing before detention); *Faizyan*, 2025 WL 3208844, at *7 (same).

The Court agrees with all of the foregoing courts and similarly holds that Petitioner has procedural due process rights arising from his existing conditional parole. In their briefing, Respondents provide no evidence that Petitioner was afforded any notice or opportunity to be heard regarding the revocation of said parole. *See generally* ECF Nos. 5, 8. Accordingly, the Court joins these courts and finds that Respondents violated Petitioner's due process rights when they re-detained him in February 2026.

## IV.  CONCLUSION

For the reasons discussed above, the Court **GRANTS** Petitioner's writ of habeas corpus. Because the Court grants the petition on the Due Process ground and concludes that Respondents' revocation of Petitioner's parole violates procedural due process, Respondents are **ORDERED** to **immediately** release Petitioner from custody, subject to any conditions of his preexisting parole that existed at the time he was re-detained. The Parties are **ORDERED** to file a Joint Status Report by **March 9, 2026**, confirming that Petitioner has been released. Further, the motion for TRO is **DENIED AS MOOT**.

The Clerk of Court is **ORDERED** to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: March 4, 2026

Honorable James E. Simmons Jr.
United States District Judge

6

26-cv-950-JES-VET